**A. Scott Brown (Bar # 221758)**
**Law Offices of A. Scott Brown**
**21700 Oxnard Street**
**Suite 1770**
**Woodland Hills, CA 91303**
**Phone: 805-267-1231**
**E-Mail:scott@ascottbrownlaw.com**

Attorneys for Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>**Dominic Munib Barbar,**<br><br><br>Debtor and Debtor in Possession. | CASE NO. 2:20-bk-18809-BR<br><br>Chapter 11<br><br>**Statement of Debtor in Possession re Plan and Disclosure Statement Deadlines**<br><br>Time:  January 12, 2020<br>Time:  10:00 am<br>Courtroom: 1668<br>255 East Temple Street<br>Los Angeles, CA 90012<br>(via Zoom) |

To the Honorable Barry Russell, United States Bankruptcy Judge, and other parties in interest:

      The Debtor herein, Dominic Barbar, through counsel (the "Debtor"), hereby files this Statement re Plan and Disclosure Statement Deadlines, respectively,  and states the following:

    1. This case was commenced by the filing of a voluntary chapter 11 petition on September 28, 2020.

2. The filing of the case was precipitated after the Debtor guaranteed a debt in favor of his business (the "Guaranty") with 1st Merchant Funding, LLC, and when the business did not pay for the debt, the holder of the Guaranty sued the Debtor personally and obtained a default judgement. The creditor then asked the state court to allow it to foreclose on the residence of the Debtor's wife and 12 year old son, claiming that the house was community property though solely in the name of the Debtor's wife. The sheriff's sale of the house was set and settlement discussions were not fruitful. While the Debtor has some other creditors, either they were current or involve an accident claim being handled solely by insurance.

3. The Debtor filed this case to do one or more of the following: challenge the judgment on the Guaranty on a variety of procedural and substantive issues; settle with the creditor holding the judgment on the Guaranty; or restructure and pay the amount of the Guaranty judgment over time.

4. The Debtor's primary asset is his interest in the residence owned by his wife, if such a community property interest is finally determined to exist and to what extent. With the mortgage, the house has approximately $400,000 in equity for the Debtor and his wife and is sufficient to settle out the property portion of the divorce discussed below and provide my ex-wife with her share of the proceeds.

5. In June of 2020, the Debtor agreed to a divorce commenced by his then wife, and sole custody of the couple's 12 year old was given to the Debtor and his wife vacated the house.

6. In addition, as a result of COVID, the Debtor, who is a trained chemist from Syria, lost his business making hair products and it has now shut down. The Debtor found employment shortly after this case was filed as a chemist, working with a company attempting to make a water product that would effectively fight off the coronavirus.

7. The Debtor has suffered from black outs, anxiety and other physical ailments for most of the last three or four years. The Debtor testified to the United States Trustee that he has spent at least 227 days in the hospital in the last couple of years, and routinely blacks out for long periods at a time. The Debtor has most recently been in and out of the hospital and when he is out of the hospital, has been required to continue to stay still in bed to avoid further black outs or other physical problems.

8. The Court issued its "Order (1) Setting Deadline for Filing Chapter 11 Disclosure Statement and Plan of Reorganization...." setting November 30 as the deadline to file the proposed disclosure statement and plan and setting December 15, 2020 for a status conference in this case. On or about November 29, 2020, pursuant to an *ex parte* application filed by the Debtor (Docket # 40), the deadline to file the plan and disclosure statement was continued to December 30, 2020, and the court indicated no further continuance would be granted. See Docket # 43.

9. The Debtor has continued to suffer medical illness and blackouts, which precipitated the filing of the *ex parte* to continue plan and disclosure statement filing deadlines in the first place and continues to have sole custody of his 12 year old son after his recent divorce. The Debtor is therefore unable to file a plan and disclosure statement consistent with the Court's order.

10. However, despite being ill, the Debtor, through counsel, has been engaged in settlement negotiations with the holder of the Guaranty judgment knowing a settlement of that would allow the Debtor to move to dismiss this case entirely. The holder of the Guaranty judgment, 1st Merchant Funding, and the Debtor have now just reached an agreement, subject to final approval of the creditor, for the Debtor to pay 1st Merchant Funding and agreed upon sum with a mutual release of claims and the release of the judgment lien on the Debtor's residence.

11. The Debtor is prepared to file an *ex parte* application to dismiss this case immediately so that he may borrow funds from his sister and consummate the settlement with 1st Merchant Funding in a timely fashion. The only reason the *ex parte* was not already on file approximately a week ago was due to the holidays and the need for final approval within a level of management of 1st Merchant Funding. The Debtor hopes to have the *ex parte* on file immediately after the New Year's holiday week.

12. In addition, due to the Debtor's health issues, the Debtor is unable to complete certain UST filings and the UST has provided notice that if the filings are not completed, the UST will move to dismiss this case in any event. It is therefore believed that the UST will not oppose dismissal of this case.

Dated: December 30, 2020

The Law Offices of A. Scott Brown

By: _____
A. Scott Brown
Counsel to the Debtor and Debtor in Possession

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 21700 Oxnard Street, Suite 1770, Woodland Hills, CA 91303:

The foregoing documents described as

**Statement of Debtor in Possession re Plan and Disclosure Statement Deadlines**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On 12/30/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

| |
|---|
| Robert.newberry@dewlaw.com |
| Ron.maroko@usdoj.gov |
| ecfnotices@ascensioncapitalgroup.com |
| scott@scottbrownlaw.com |

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On 12/30/2020, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows:

Judge Barry Russell
United States Bankruptcy Court
255 E. Temple Street
Suite 1660
Los Angeles, CA 90012


Nicole Mays
c/o Manning Law, PC
20063 SW Birch Street, Suite 200
Newport Beach, CA 902660

Capital One

5

P.O. Box 71083
Charlotte, NC 28272-1083

Union Bank
24240 Valencia Blvd.
Santa Clarita, CA 91355

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| _12/30/2020_ | _A. Scott Brown_ | _/s/A. Scott Brown_ |
|---|---|---|
| *Date* | *Type Name* | *Signature* |